UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division


ANTHONY SILVA,


Petitioner,


v.                                                          Action No.  2:25cv369


J. BIENEMY, Warden,


Respondent.


UNITED STATES MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

Petitioner, Anthony Silva ("Silva"), a federal inmate currently incarcerated at FCI Petersburg, submitted an amended petition for a writ of habeas corpus pursuant to section 2241. ECF No. 9.  Silva challenges a disciplinary proceeding conducted after a cellphone was found in his cellblock and the resulting sanction of a loss of good conduct time ("GCT") imposed by the Bureau of Prisons ("BOP").  *Id.*  This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.  For the following reasons, the Court **RECOMMENDS** that respondent's motion for summary judgment, ECF No. 15, be **GRANTED** and Silva's amended petition, ECF No. 9, be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**[1]

_____

[1] The Court notes that it retains jurisdiction over this petition, contrary to Silva's claims, ECF No. 18, because Silva was housed in a facility in the Eastern District of Virginia at the time his petition was filed, ECF No. 9, at 1; *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004) ("[F]or core habeas

## I.    STATEMENT OF FACTS

On February 15, 2024, Silva pled guilty to one count of mail fraud, three counts of wire fraud, and one count of aggravated identity theft in the District of New Hampshire. *United States v. Silva*, No. 1:22cr34, ECF No. 82 (D.N.H. May 6, 2024). He was sentenced on May 2, 2024 and committed to the custody of the Bureau of Prisons ("BOP") for an 84-month term of imprisonment. *Id.*, ECF No. 91.

On August 11, 2024, while incarcerated at the Federal Medical Center Devens in Ayer, Massachusetts ("FMC Devens"), Silva received an incident report charging him with violating BOP disciplinary code 108 "POSSESSING A HAZARDOUS TOOL . . . BEING IN UNAUTHORIZED AREA." ECF No. 16-1, at 18. The incident report states that on August 10, 2024, a staff member, Keith Peterson,

> was conducting cell searches at FPC Devens Camp. [Peterson] observed Inmate Silva Reg[] No. 12551-049 in cell I01-054[] standing in the corner of the cell next to the cell locker and chair.  No Inmates are currently assigned to cell I01-054. [Peterson] told inmate Silva to exit the cell. [Peterson] then conducted an area search of the cell and in the exact area where Inmate Silva was standing [Peterson] found [o]ne blue Motorola cell phone with charger and cord on top of the chair hidden under a towel. The cell phone was still attached to the cord and brick but was not plugged into the outlet next to the chair and it was warm to the touch. The Operations [Lieutenant] was [n]otified. Inmate Silva is not assigned to cell I01-054 and was in an unauthorized area where the cell phone was discovered.

*Id.* Following this incident, Silva was placed in the Special Housing Unit ("SHU") at FMC Devens. *Id.* at 20, 24. The matter was referred to a Discipline Hearing Officer ("DHO") for a hearing and disposition. *Id.* at 19.

After a brief delay, Silva's hearing before the DHO was held on September 6, 2024 at FMC Devens. *Id.* at 30. The DHO found that there was sufficient evidence that Silva committed a

---

petitions challenging present physical confinement, jurisdiction lies in only one district:  the district of confinement.").

2

violation of code 108 and he was sanctioned to a loss of 41 days of GCT, 30 days of disciplinary segregation, and a 6-month loss of commissary and visitation privileges. *Id.* at 32–33. Silva was advised at the hearing of his right to appeal this decision within 20 days, and he received a copy of the DHO's report on October 3, 2024. *Id.* at 33. Silva remained at FMC Devens until October 24, 2024, after which he was transferred to FCI Petersburg, arriving there on November 26, 2024. *Id.* at 1–2.

On May 14, 2025, Silva submitted an "administrative remedy appeal with the BOP's Northeast Regional Office, appealing from an unknown disciplinary proceeding." *Id.* at 8, 36; ECF No. 9, at 2. Silva was informed that his appeal was rejected as he was currently housed in FCI Petersburg in the Mid-Atlantic Region and his appeal had been filed with the wrong regional office. ECF No. 16-1, at 8, 36; ECF No. 9, at 2. Silva did not appeal further and he claims this was due to his inability to retrieve the form necessary to appeal to the Central Office, among other issues. ECF No. 16-1, at 9; ECF No. 9, at 2–3, 10; *see* ECF No. 1, at 9.

On September 15, 2025, Silva filed a petition for a writ of habeas corpus in this Court. ECF No. 9. Silva raises 11 grounds in his petition, each attacking either the evidence underlying the DHO's finding, the legality of the DHO's finding, or the process he received. *Id.* The respondent moved to dismiss the petition, or alternatively for summary judgment, with a memorandum in support on December 8, 2025. ECF Nos. 15–16. Silva did not reply.

## II.   <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 56(a) provides that a district court shall grant summary judgment in favor of a movant if such party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of some alleged factual dispute "will not defeat an otherwise properly supported

3

motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "A dispute is 'genuine' if the evidence presented would allow a reasonable factfinder to find for the nonmovant. A fact is 'material' if it may influence the outcome of the suit under governing law." *Bhattacharya v. Murray*, 93 F.4th 675, 686 (4th Cir. 2024) (citation omitted).

Although the initial burden on summary judgment falls on the moving party, once a movant properly files evidence supporting summary judgment, the nonmoving party may not rest on the mere allegations of the pleadings but must set forth specific facts in the form of exhibits and sworn statements illustrating a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986).

In making its determination, "the district court must 'view the evidence in the light most favorable to the' nonmoving party." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 568 (4th Cir. 2015) (quoting *Tolan v. Cotton*, 572 U.S. 650, 657 (2014)). "[A]t the summary judgment stage the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## III.    ANALYSIS

### A.    *Silva failed to exhaust his administrative remedies.*

Federal prisoners must exhaust their administrative remedies prior to filing federal habeas petitions pursuant to 28 U.S.C. § 2241. *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004); *see also Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010). Administrative exhaustion "protects 'administrative agency authority,'" ensuring that agencies have an opportunity to correct mistakes and discouraging disregard of agency procedures. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Additionally, because

"[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court," exhaustion promotes judicial efficiency. *Id.* "Failure to exhaust may only be excused upon a showing of cause and prejudice." *McClung*, 90 F. App'x at 445.

The exhaustion procedure in this case is governed by the Administrative Remedy Program. 28 C.F.R. § 542.10. In the case of an appeal from a DHO hearing, the inmate may appeal the decision "to the Regional Director for the region where the inmate is currently located" within 20 days of receipt of the DHO Report. *Id.* §§ 542.14(d)(2), 542.15(a); *Taylor v. Ormond*, No. 2:18cv248, 2019 WL 4198628, *4 (E.D. Va. June 6, 2019), *report and recommendation adopted*, 2019 WL 4195341 (E.D. Va. Sept. 4, 2019). A decision of the Regional Director may be appealed to the BOP's General Counsel within 30 days of the decision. 28 C.F.R. § 542.15(a).

Silva has not exhausted his administrative remedies. Silva's appeal to the Northeast Regional director, dated May 14, 2025, was not only directed to the wrong region, as he was housed at FCI Petersburg in the Mid-Atlantic Region at the time, but it was also filed 223 days after he received the DHO's report on October 3, 2024—over 7 months after the 20-day deadline. ECF No. 16-1, at 8, 33, 36; 28 C.F.R. § 542.14(d)(2) ("DHO appeals shall be submitted initially to the Regional Director for the region where the inmate is currently located."); 28 C.F.R. § 542.15(a). Following the Northeast Region's rejection of this appeal, Silva took no further action aside from filing this petition. Accordingly, Silva failed to pursue the full measure of remedies afforded by the Administrative Remedy Program. This failure can only be excused upon a showing of cause and actual prejudice.

**B.    *Silva's failure to exhaust administrative remedies cannot be excused as he has also failed to demonstrate cause or prejudice.***

As exhaustion under section 2241 is a judicially imposed doctrine, courts may excuse a failure to exhaust in certain circumstances. *Bowen v. Bolster*, No. 2:19cv163, 2019 U.S. Dist. LEXIS 189104, at *5 (E.D. Va. Sept. 30, 2019); *Popoola v. Scales*, No. 3:25cv390, 2025 WL 3473370, at *10 (E.D. Va. Dec. 3, 2025). A petitioner's failure to exhaust administrative remedies may be excused by a showing of cause and prejudice. *McClung*, 90 F. App'x at 445. Cause is demonstrated by a "substantial reason that cannot fairly be attributed to [the petitioner] for his failure to meet the prescribed timeframe" for filing his administrative appeals. *Taylor*, 2019 WL 4198628, at *4–5 (quotation omitted). Prejudice occurs when the petitioner's error in failing to properly exhaust his claims "actually affected the outcome of the proceedings" he challenges. *Id.* at *5 (quoting *United States v. Hastings*, 134 F.3d 235, 240 (4th Cir. 1998)). In essence, there must be "legitimate circumstances beyond the prisoner's control [that] preclude him from fully pursuing his administrative remedies." *Long v. Wilson*, No. 3:11cv602, 2012 WL 1957814, at *3 (E.D. Va. May 30, 2012) (quoting *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001)). A petitioner's conclusory statements, absent supporting evidence, are not enough to establish cause and prejudice. *Jones v. Gilly*, No. 7:25cv328, 2026 WL 751750, at *2 (W.D. Va. Mar. 17, 2026); *Perry v. Christensen*, No. 9:22cv1161, 2026 WL 544193, at *4 (N.D.N.Y. Feb. 4, 2026).

Courts have held that the following circumstances may provide cause and prejudice sufficient for such a waiver of the exhaustion requirement: (1) "available remedies provide no genuine opportunity for adequate relief"; (2) "irreparable injury may occur without immediate judicial relief"; (3) "administrative appeal would be futile"; (4) "the actions of the agency clearly violate statutory or constitutional rights"; (5) "a petitioner's claim turns on a purely legal challenge

6

to BOP policy"; or (6) "an inmate's impending release date fast approaches." *Long,* 2012 WL 1957814, at *3 (quoting *Beharry v. Ashcroft,* 329 F.3d 51, 62 (2d Cir. 2003)); *Popoola,* 2025 WL 3473370, at *10.

Silva argues that the Court should excuse his failure to exhaust administrative remedies. ECF No. 9, at 3, 10; ECF No. 1, at 13; ECF No. 4, at 9. Silva submitted two purported affidavits, prior to filing his amended petition, in which he describes the following events preventing exhaustion: (1) while confined in the SHU at FMC Devens staff would seize documentation necessary for his appeal, refuse access to the law library, refuse requests to give the documents back, and refuse requests to give him proper forms; (2) Silva attempted to handwrite an appeal to the Regional Director which FMC Devens staff refused to mail; (3) he was sent to a facility in Lewisburg, Pennsylvania where he was unable to access the law library, make calls, or speak to a counselor about obtaining documents for five weeks; (4) when Silva eventually arrived at FCI Petersburg he began immediately attempting to access the necessary appeal documents, but was delayed by a transfer to a new counselor who would not assist him for many weeks; and (5) when Silva finally received the necessary forms, the copy machine was not working. ECF No. 1, at 13; ECF No. 4, at 9; *see also* ECF No. 4, at 5–6. In his amended petition, Silva outlines similar circumstances in which he was denied access to the DHO's "reasoning or evidence" within the 20-day appeal window, denied forms and resources while in the SHU, and transferred to a new facility preventing his communication outside the prison. ECF No. 9, at 10.

Silva asserts that he "made every good-faith effort to exhaust available administrative remedies" and that his "administrative remedies [were] unavailable through no fault of the petitioner [and] need not be exhausted." ECF No. 1, at 9; ECF No. 4, at 6. He further argues that the denial of his appeal to the Regional Director was based solely on the fact that he was not housed

in the Northeast Region at the time of his appeal. ECF No. 1, at 9; *but see* ECF No. 4, at 6 (claiming the appeal was dismissed solely on timeliness issues). Silva claims that the Administrative Remedy Program directs such appeals to be filed where the DHO hearing occurred. ECF No. 1, at 9 (citing 28 C.F.R. § 542.15). Accordingly, the Regional Director's rejection of his appeal was, according to Silva, "procedurally unjust, given that the delay in filing was due to [the] BOP's own failure to provide timely documentation, failure to provide a BP-10 form until February 25, 2025, and the inability to make the necessary copies due to a broken copier." ECF No. 4, at 6. Silva presents no other information in support of his claims.

The record demonstrates that 223 days after Silva received the DHO's report on October 3, 2024, he filed an appeal with the Northeast Regional Director—7 months after the 20-day deadline and to the incorrect Regional Director.[2] ECF No. 16-1, at 8, 33, 36. Silva's unsupported contentions do not suffice to meet the demanding cause and prejudice standard. *Jones,* 2026 WL 751750, at *2 (finding that a "conclusory statement that inmates generally are told that there are no forms or would be looked at like they did something wrong is insufficient without some specificity or support for such allegations"); *Wright v. Warden, FCI-Cumberland,* No. RDB-10-

---

[2] Silva argues that an appeal from a DHO hearing should be submitted to the "regional office where the hearing occurred" and that rejection of his appeal by the Northeast Regional Director was incorrect. ECF No. 1, at 9 (citing 28 C.F.R. § 542.15; United States Department of Justice Federal Bureau of Prisons, Program Statement No. 5270.09, *Inmate Discipline Program* (Nov. 18, 2020) (accessible at https://www.bop.gov/policy/progstat/5270_009_cn_1.pdf)). The Administrative Remedy Program specifies that "DHO appeals shall be submitted initially to the Regional Director for the region *where the inmate is currently located.*" 28 C.F.R. § 542.14(d)(2) (emphasis added). Both of the sources Silva identifies support this rule, as they direct the inmate to generally comply with the Administrative Remedy Program. 28 C.F.R. § 542.15 (noting appeals must be submitted to the "appropriate Regional Director"); United States Department of Justice Federal Bureau of Prisons, Program Statement No. 5270.09, *Inmate Discipline Program,* 36–37 (Nov. 18, 2020) ("The decision of the DHO is final and subject to review only by the Regional Director to ensure conformity with the discipline policy and by appeal through the Administrative Remedy program.").

671, 2010 WL 1258181, at *1 (D. Md. Mar. 24, 2010) (quoting *Thetford Prop. IV Ltd. P'ship v. U.S. Dep't of Hous. & Urban Dev.*, 907 F.2d 445, 450 (4th Cir. 1990)) ("Allowing a petitioner to avoid the administrative process based on a mere conclusory assertion 'would allow the futility exception to swallow the exhaustion.'"); *Prado v. Christensen*, No. 9:23cv341, 2025 WL 4356728, at *3 (N.D.N.Y. Nov. 12, 2025) ("Petitioner's conclusory allegation that he could not obtain the necessary forms is insufficient to render the administrative remedy program unavailable to him.").

Silva's allegations are insufficient to create a dispute of material fact that there existed a substantial reason, beyond his control, that prevented his filing. Additionally, though Silva attempted to appeal to the Northeast Regional Director, he does not explain why after receiving a rejection the next day, he did not attempt to correctly file with the Mid-Atlantic Region or to take the next step and appeal to the Central Office. Accordingly, taking one step in the appeal process seven months after the time to do so has expired without explanation as to why no further action was taken and without evidence substantiating his claims that various forces prevented his filing is insufficient to meet the cause and prejudice standard.

Nor does Silva's case fit within one of the noted circumstances in which courts typically find cause and prejudice exist. *Popoola*, 2025 WL 3473370, at *10; *Long*, 2012 WL 1957814, at *3. Silva has administrative remedies that may provide relief and his use of such remedies would not be futile as he has the opportunity to present these same claims and excuses for his failure to file to the appropriate Regional Director. *See* 28 C.F.R. §§ 542.14(b), 542.17(c), (noting that the Administrative Remedy Program allows for the appeal of rejected appeals and requests for an extension of time to file); *Taylor*, 2019 WL 4198628, at *8. There is no indication that irreparable injury will occur as each of the sanctions imposed has already occurred aside from Silva's loss of 41 days of GCT. Silva is not scheduled to be released for at least another 3 years, ECF No. 16-1,

at 12, meaning that ample time remains before the opportunity to correct the loss of GCT, if appropriate, is lost.  Finally, Silva's claims in his petition do not show that the BOP clearly violated his rights; nor do they turn on purely legal challenges to BOP policy.

Silva has not demonstrated that material facts are in dispute such that the Court should excuse his failure to exhaust.  Taking a single step in the administrative remedy process, seven months after the time to do so has expired, to the wrong appeal body, without attempting to exhaust any other means of appeal like seeking an extension of time or filing with the correct body is insufficient to meet the exhaustion requirement.  None of Silva's excuses for this failure meets the cause and prejudice standard.  Therefore, Silva's failure to exhaust his administrative remedies should not be excused.

## C.    *Silva is not entitled to an evidentiary hearing.*

Silva also requests an evidentiary hearing.  ECF No. 1, at 1.  As set forth above, the Court concludes that Silva's claims should be dismissed without prejudice for failure to exhaust his administrative remedies.  No need exists to conduct an evidentiary hearing and Silva's request, *id.*, is **DENIED**.

## IV.    RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that respondent's motion for summary judgment, ECF No. 15, be **GRANTED**, and the amended petition for a writ of habeas corpus, ECF No. 9, be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

## V.   REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.      Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.  Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three days, if service occurs by mail.  A party may respond to any other party's objections within fourteen days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.      A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

_____
/s/
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
June 23, 2026

11

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was

mailed this date to:

> Anthony Silva, #12551-049
> FCI Petersburg Low
> P.O. Box 90026
> Petersburg, VA 23804

Laura Griffin, Clerk

By___V.Pearson_____
           Deputy Clerk

June _23__, 2026

12